IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.  No. 4:20-CR-00054-05-JM
4:25-CV-00008-JM

JOSH WILEY

**ORDER**

After further review, a response from the Government is not necessary. For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 200) is DENIED.

**I.  BACKGROUND**

On August 4, 2022, Defendant pleaded guilty to distribution of fentanyl.[1] On March 17, 2023, he was sentenced to 230 months in prison.[2] The Court of Appeals for the Eighth Circuit dismissed Defendant's appeal based on an appeal waiver and entered the judgment on April 24, 2023.[3]

**II.  DISCUSSION**

There is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255. When a case is appealed, the year begins to run when the judgment of conviction becomes final – *i.e.*, 90 days after the appellate court enters the judgment.[4]

---

[1] Doc. No. 125.

[2] Doc. Nos. 162, 165.

[3] Doc. No. 177.

[4] 28 U.S.C. § 2255(f)(1); Sup.Ct. R. 13.1 (stating petition for certiorari must be filed within ninety days of the judgment)

Defendant's motion is dated December 20, 2024.  His conviction became final on July 24, 2023, which means the statute of limitations to file a § 2255 motion expired on July 24, 2024, making Defendant's motion untimely.  To excuse his delay, Defendant argues that in "May of 2024, [he] attempted to file a motion to vacate under 28 U.S.C. § 2255 . . . ."[5]  He also argues that mail is not timely being delivered.  Notably, Defendant "attempted to file" his § 2255 motion by sending it to the Federal Public Defender for the Eastern District of Arkansas, not the United States District Court.  This is even more confusing because Defendant was never represented by the FPD.  Giving Defendant the benefit, I will proceed as if the motion was timely filed.

Assuming Defendant's motion was timely filed, it still must be denied.  Defendant claims that he was erroneously sentenced as a career offender because his prior conviction for possession of marijuana with intent to deliver should not have counted as a predicate offense.  He also asserts ineffective assistance of counsel based on his lawyer's failure to object to the application of the career offender enhancement.  However, Defendant's prior Arkansas conviction for possession with intent to deliver marijuana was, and still is, a predicate offense for purposes of the career offender enhancement.  His lawyer's failure to raise this frivolous argument does not support an ineffective assistance claim.[6]

## CONCLUSION

For the reasons above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 200) is DENIED.

IT IS SO ORDERED this 13th January, 2025.

UNITED STATES DISTRICT JUDGE

---

[5] Doc. No. 201.

[6] *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").